UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ANASTASIA VAUGHAN,

       Plaintiffs,

vs.

WEINSTEIN, PINSON & RILEY, P.S.,

       Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, ANASTASIA VAUGHAN, by and through undersigned counsel, and bring this action against the Defendant, WEINSTEIN, PINSON & RILEY, P.S. ("WEINSTEIN"), and as grounds thereof would allege as follows:

## JURISDICTION

1.    This action is brought by consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). These laws prevent debt collectors from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial

questions of federal law. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1441 (a), (b) and (c).

3. Venue is proper in that Plaintiff is a permanent resident in the Southern District of Florida and because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## PARTIES

4. At all times material hereto, Defendant, WEINSTEIN is a Washington State professional association having its principle place of business at 2001 Western Avenue, Suite 400, Seattle, Washington, and is engaged in the business of collecting consumer debts.

5. At all times material hereto, WEINSTEIN regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

6. Defendant, a law firm, "regularly," through litigation, attempts to collect consumer debts and is therefore a debt collector within the meaning of 15 U.S.C. 1692a(6).

7. At all times material hereto, WEINSTEIN regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

8. At all times material hereto, WEINSTEIN, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

9. At all times material hereto, the Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 USC 1692(a)(3), and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by violations of the Act.

10. At all times material hereto, the alleged debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

## BACKGROUND AND GENERAL ALLEGATIONS

11. Defendants sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was allegedly incurred as a private education loan.

12. On October 11, 2013, Defendants filed against Plaintiff a lawsuit, Case No. CACE13-022919, seeking to collect an alleged consumer debt (i.e. monetary damages) from Plaintiff. (Hereinafter, the "Complaint").

13. In the Complaint, Defendants sought to collect for their client the amount due on a promissory note allegedly signed by Plaintiff.

14. On or about October 25, 2013, Defendant caused to be served upon Plaintiff, ANASTASIA VAUGHAN, a summons and along with The Complaint.

15. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

16. The summons attached to the Complaint reads in part as follows:

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiffs Attorney" named below.

17. Paragraph number 12 of the Complaint states: "Pursuant to the 11 U.S.C. §1692g(a) (sic) and §559.552 Fla. Stat., Defendant is informed that the undersigned law firm is acting on behalf of Plaintiff to collect the debt and that the debt referenced in this suit will be assumed to be valid and correct if not disputed in whole or in part within thirty (30) days from the date hereof."

18. Plaintiff maintains that the inclusion of the information provided in Paragraph 12 of the Complaint is unnecessary and perplexing because § 1692g(d) pronounces that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)."

19. The inclusion of the information in Paragraph 11 creates the risk of default because it overshadows the time frame for filing an answer.

20. Defendant's Notice incorrectly states the presumption of validity as pronounced by section 1692g(a) of the FDCPA which states:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is

> contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> ***

15 U.S.C. 1692(g)

21.     Defendant's Notice, unnecessarily included with the Complaint, states the Plaintiff must dispute the debt in writing within thirty (30) days or the debt will be assumed but does not qualify that it is only the Defendant who will assume the debt is valid.

22.     Defendant's Notice, unnecessarily included with the Complaint, misrepresents the presumption of validity as pronounced by section 1692g(a)(3) of the FDCPA. *See* <u>Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A.</u>, 2011 WL 4499100 (S.D. Fla. 2011); <u>Galuska v. Collectors Training Institute of Illinois, Inc.</u>, 2008 WL 2050809 (M.D. Pa. May 13, 2008); <u>Orr v. Westport Recovery Corp.</u>, 2013 WL 1729578 at *5 (N.D. Ga. April 16, 2013).

23.     Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.</u>, 130 S. Ct. 1605 (U.S. 2010).

24.     Several other cases from within this Circuit have similarly held that such Notices support a claim for violation of the FDCPA. *See generally*, <u>Battle v.</u>

Gladstone Law Group, P.A., --- F.Supp.2d ----, 2013 WL 3297552 (SD. Fla. June 28, 2013) (finding that plaintiff had sufficiently plead FDCPA violation related to notice attached to mortgage foreclosure complaint); Johnstone v. Aldridge Connors, LLP, 2013 WL 6086049, *3 (S.D. Fla. Nov 20, 2013); Lewis v. Marinosci Law Group, P.C., 2013 WL 5789183, *4 (S.D. Fla. Oct 29, 2013); Rotenberg v. MLG, P.A., 2013 WL 5664886, *2 (S.D. Fla. Oct 17, 2013); Freire v. Aldridge Connors, LLP, 2014 WL 407357 (S.D. Fla. February 4, 2014).

## COUNT I-VIOLATION OF FDCPA: 15 USC 1692(e)(10)

25. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 24.

26. 15 U.S.C. §1692e(10) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §1692e(10)

27. Defendants' superfluous paragraph incorrectly suggests that a consumer must dispute the debt within thirty (30) days. To many consumers this would overshadow the time frame necessary to file a response with the Court as

explained in the Summons. Should a consumer wait until the thirtieth day to file a response, they will already be in default in accordance with the Summons.

28.     The information included with the Complaint would be deceptive to the least sophisticated consumer with respect to their rights as both a consumer and a litigant and consequently violates 15 U.S.C. §§ 1692e, 1692e(10).

29.     Moreover, The Complaint contained false, deceptive and misleading representations in connection with the collection of a debt in that it misstates the applicable legal standard with regard to the presumption of validity as pronounced by section 1692g(a)(3) of the FDCPA.

30.     In sum, the unnecessary paragraph 12 in the Complaint, which goes on to explain a consumer's rights to dispute an alleged debt even though those rights have not been triggered, could serve no other possible purpose but to deceive the least sophisticated consumer with respect to their rights under the FDCPA and/or how or when to dispute the debt and thus consequently violates 15 U.S.C. §§1692e, 1692e(10). *See* Bourff v. Rubin Lublin, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012) ("A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed."); s*ee also*, Johnson v. Revenue Mgmt. Corp., 169 F.3d 1057, 1059 (7th Cir. 1999) (stating a contention that a communication from a debt collector is confusing is a recognized legal claim; no more is needed to survive a motion under Rule 12(b)(6)).

31. Defendant's Notices would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

32. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated 15 U.S.C. §1692e(10).

33. Plaintiff has hired the undersigned, to represent her in this action and have agreed to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant WEINSTEIN for:

a. Statutory damages pursuant to 15 U.S.C. §1692k;

b. Litigation expenses and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

c. For such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Yechezkel Rodal*
YECHEZKEL RODAL, ESQ.
FBN: 91210
LOAN LAWYERS, LLC
*Attorneys for Plaintiffs and the putative Class*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone:  (954) 523-4357
Facsimile:   (954) 581-2786
E-mail:   chezky@floridaloanlawyers.com